CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 24, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERMAINE ANTIONE ENGLISH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00401 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ROANOKE ADULT DETENTION CENTER, *et al.*, | ) ) | By:   Hon. Thomas T. Cullen  United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Jermaine Antione English, proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983, naming the Roanoke Adult Detention Center, Western Virginia Regional Jail, and Well Path Health Services as defendants. (*See* Compl. [ECF No. 1].) On August 27, 2024, the Court advised Plaintiff that neither a detention center, a jail, or a business is a "person" subject to suit under § 1983, *see Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994), and that his complaint failed to state a claim for which relief could be granted. (*See* Order [ECF No. 8].) The Court further advised Plaintiff that,

> [t]o state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.

(*Id.* at 1 (emphasis removed).) The Court ordered Plaintiff to file an amended complaint within 21 days and cautioned Plaintiff that failure to amend could result in dismissal of his complaint. (*Id.* at 1–2.) More than 21 days have elapsed, and Plaintiff has not filed an amended complaint.

Under 28 U.S.C. § 1915A, the Court has an obligation to screen prisoner filings and dismiss any complaint that "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As noted above, Plaintiff may not pursue a § 1983 claim against a detention center, jail, or business because they are not "persons" within the meaning of the statute. *See Perdue*, 38 F.3d at 1213. Additionally, Plaintiff's claims against the individual Defendants—Dr. Kimla and Dr. St. Amair—are insufficient because Plaintiff does not allege that they took or failed to take any action that violated his rights. (*See generally* Compl.) Instead, without specifying which Defendants his claims are against, he simply alleges "they" ignored his medical complaints, "failed to properly review [his] medical file," "completely missed the appointment," and were "medical[ly] indifferen[t]." (*Id.* at 2–3.) These sparse allegations are insufficient to state a claim against either individual Defendant.

Because Plaintiff's original complaint fails to state a claim for which relief may be granted and because Plaintiff did not file an amended complaint correcting the identified deficiencies, the Court will dismiss this action under 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to forward copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 24th of September, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE